UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ETHIC INC., A DELAWARE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ADMIRALS BANCORP, INC., A RHODE ISLAND CORPORATION, AND ETHIC WEALTH ADVISORS LLC, A MASSACHUSETTS LIMITED LIABILITY COMPANY,<br><br>    Defendants. | Case No: 1:20-cv-10581-LTS |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Admirals Bancorp, Inc. ("Admirals") and ETHIC Wealth Advisors LLC ("ETHIC Wealth Advisors," and, together with Admirals, "Defendants") by their undersigned attorneys, answer the Complaint filed by Ethic Inc. ("Ethic" or "Plaintiff"), as follows:

### GENERAL DENIAL

Defendants deny each and every allegation in Plaintiff's Complaint that is not expressly admitted herein. Defendants deny that Plaintiff is entitled to any of the relief it seeks in its Complaint.

### INTRODUCTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence in Paragraph 1, and therefore deny them. Defendants admit that they use ETHIC A WEALTH BANK as a trademark for their business, which includes the provision of banking, lending, wealth planning, and investment services.

Defendants admit that the U.S. Patent and Trademark Office ("PTO") initially refused Admirals' application to register ETHIC and ETHIC A WEALTH BANK, that Admirals responded to the PTO's refusal to register ETHIC A WEALTH BANK with arguments as to why confusion between the marks was unlikely, and that the PTO examiner withdrew the refusal to register ETHIC A WEALTH BANK in light of those arguments. Defendants otherwise deny the allegations made in Paragraph 1.

2. Defendants deny that their actions have been unlawful. Defendants admit that this purports to be an action brought against Defendants under the federal and state laws identified in Paragraph 2, but deny that Plaintiff is entitled to any of the relief it seeks under those laws. Defendants otherwise deny the allegations made in Paragraph 2.

3. Defendants admit that Admirals filed U.S. trademark applications on March 11, 2019 for ETHIC and ETHIC A WEALTH BANK, both of which were refused in light of Plaintiff's prior federal registration for ETHIC, that Admirals responded to the PTO's refusal to register ETHIC A WEALTH BANK with arguments as to why confusion between the marks was unlikely, and that the PTO examiner withdrew the refusal to register ETHIC A WEALTH BANK in light of those arguments. Defendants otherwise deny the allegations made in Paragraph 3.

4. Defendants admit that Admirals formed a related company ETHIC Wealth Advisors, LLC, that ETHIC Wealth Advisors registered with the U.S. Securities and Exchange Commission ("SEC") as an investment advisory firm, and that Defendants promote their banking, lending, wealth planning, and investment services at ethicwealthbank.com. Defendants otherwise deny the allegations made in Paragraph 4.

5. Defendants deny the allegations made in Paragraph 5.

## THE PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6, and therefore deny them.

7. Defendants admit that Admirals is a corporation organized under the laws of the State of Rhode Island with its offices at 125 High Street, Boston, MA 02110, and that Admirals is registered with the Federal Deposit Insurance Commission ("FDIC") as ETHIC (FDIC #27015) and listed with the FDIC as having a "full service brick and mortar office" at 125 High Street, Boston, MA 02110.  Defendants otherwise deny the allegations made in Paragraph 7.

8. Defendants admit that ETHIC Wealth Advisors is a limited liability company organized under the laws of the Commonwealth of Massachusetts with an address of 125 High Street, Suite 1712, Boston, MA 02110, that ETHIC Wealth Advisors is registered as an investment advisory firm with the SEC, and that ETHIC Wealth Advisors is shown on its Form ADV filed with the SEC as having its principal office and place of business at 125 High Street, Suite 1712, Boston, MA 02110.  Defendants otherwise deny the allegations made in Paragraph 8.

9. Defendants admit the allegations made in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendants deny that their actions have been unlawful. Defendants admit that this purports to be an action brought against Defendants under the federal laws identified in Paragraph 10, but deny that Plaintiff is entitled to any of the relief it seeks under those laws. Defendants otherwise deny the allegations made in Paragraph 10.

11. Defendants deny that their actions have been unlawful. Defendants admit that this purports to be an action brought against Defendants under the state laws identified in Paragraph 11, but deny that Plaintiff is entitled to any of the relief it seeks under those laws. Defendants

otherwise deny the allegations made in Paragraph 11.

12. Defendants admit that this purports to be an action based on the statutes identified in Paragraph 12. The remaining allegations made in Paragraph 12 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations made in Paragraph 12.

13. The allegations made in Paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations made in Paragraph 13.

14. Defendants admit that each Defendant's principal place of business is within this district. The remaining allegations made in Paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations made in Paragraph 14.

15. The allegations made in Paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 15.

## FACTUAL BACKGROUND

16. Defendants admit that the USPTO's electronic database of trademark registrations currently indicates that Plaintiff is the record owner of U.S. Trademark Registration No. 5,412,866 for the mark ETHIC covering "investment advisory and management services, none of the foregoing related to financial information or advisory services to health care centers and clinics" and that the registration issued on February 27, 2018 and claims a date of first use anywhere at least as early as May 5, 2016 and a date of first use in commerce at least as early as April 13, 2017. Defendants admit that Exhibit A purports to be a copy of the corresponding

certificate of registration. Defendants otherwise deny the allegations made in Paragraph 16.

17. Defendants admit that the USPTO's electronic database of trademark registrations currently indicates that the application filing date for the ETHIC Registration is August 7, 2017. The remaining allegations made in Paragraph 17 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the remaining allegations made in Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18, and therefore deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 19, and therefore deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 20, and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21, and therefore deny them.

## DEFENDANTS' INFRINGING ACTIVITY

22. Defendants deny the allegations made in Paragraph 22.

23. Defendants admit the allegations in the first sentence of Paragraph 23. Defendants admit that Exhibit B purports to be a printout of portions of Defendants' website as accessed on March 23, 2020. Defendants otherwise deny the allegations made in Paragraph 23.

24. Defendants admit that, as part of their wealth banking services, Defendants offer a broad range of financial services, including banking, lending, wealth planning, and investment advisory and investment management services, to customers in Massachusetts and in interstate commerce. Defendants admit that Exhibit C purports to be a printout of ETHIC A WEALTH

BANK's LinkedIn page located at the URL address identified in Paragraph 24.  Answering further, Defendants state that the printout is a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 24 to the extent they differ from, mischaracterize, or oversimplify the contents of ETHIC A WEALTH BANK's LinkedIn page.  Defendants otherwise deny the allegations made in Paragraph 24.

25.     Defendants admit that, prior to its October 1, 2019 name change, Admirals offered private banking and lending services to customers in Massachusetts and elsewhere.  Defendants otherwise deny the allegations made in the first sentence of Paragraph 25.  Defendants admit the allegations made in the second sentence of Paragraph 25.

26.     Defendants admit that ETHIC Wealth Advisors registered with the SEC as an investment advisory firm.  Defendants admit that Defendants' website includes a link to an "ETHIC Wealth Advisors, LLC Disclosure" located at the URL address identified in Paragraph 26.  Answering further, Defendants state that said disclosure is a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 26 to the extent they differ from, mischaracterize, or oversimplify the contents of said disclosure.  Defendants otherwise deny the allegations made in Paragraph 26.

27.     Defendants admit that the Form ADV Part 2A – Disclosure Brochure ("Disclosure Brochure") on file with the SEC for ETHIC Wealth Advisors is effective as of November 8, 2019 and available on the SEC's website at the URL address identified in Paragraph 27.  Answering further, Defendants state that the Disclosure Brochure is a document which speaks for itself and to which no response is required.  To the extent a response is

required, Defendants deny the allegations made in Paragraph 27 to the extent they differ from, mischaracterize, or oversimplify the contents of the Disclosure Brochure.  Defendants otherwise deny the allegations made in Paragraph 27.

28.     Defendants admit that ETHIC Wealth Advisors has a Chief Investment Officer.  Defendants otherwise deny the allegations made in Paragraph 28.

29.     Defendants admit that Defendants began using the trademark ETHIC A WEALTH BANK on or about October 1, 2019.  Defendants admit that Admirals' website located at the URL address identified in the second sentence of Paragraph 29 states, "Effective October 1, 2019 Admirals has changed its name to ETHIC, and will be marketing itself as ETHIC, A Wealth Bank."  Defendants admit that Exhibit D purports to be a printout of an October 3, 2019 news update from S&P Global Market Intelligence.  Answering further, Defendants state that the printout is a document which speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 29 to the extent they differ from, mischaracterize, or oversimplify the contents of the news update.  Defendants admit that Admirals' FDIC registration (FDIC #27015) states that Admirals changed its name to ETHIC effective October 2019, and that a copy of said registration is available at the URL address identified in the last sentence of Paragraph 29.  Defendants otherwise deny the allegations made in Paragraph 29.

30.     Defendants admit the allegations in the first sentence of Paragraph 30.  Defendants admit that Exhibit E purports to be a screenshot of the press release identified in the first sentence of Paragraph 30.

31.     Defendants admit that Defendants use the term ETHIC as part of the trademark and phrase ETHIC A WEALTH BANK and as part of the ETHIC A WEALTH BANK logo

shown in Paragraph 31.  Answering further, Defendants state that they use ETHIC A WEALTH BANK in documents, on webpages, and on other materials, including through use of the ETHIC A WEALTH BANK logo, that Defendants only use the stand-alone term ETHIC to avoid unnecessary redundancy and secondarily to and where otherwise also using the ETHIC A WEALTH BANK phrase and/or logo, and that such secondary usage does not create any likelihood of confusion with Plaintiff's mark particularly in light of the careful purchasing decisions made by sophisticated consumers of Defendants' bundle of financial services. Defendants otherwise deny the allegations made in Paragraph 31.

   32. Defendants deny the allegations in the first sentence of Paragraph 32. Defendants admit the remaining allegations made in Paragraph 32.

   33. Defendants admit the allegations in the first and last sentences of Paragraph 33. Answering further, Defendants state that the Office Actions identified in Paragraph 33 are documents that speak for themselves and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 33 to the extent they differ from, mischaracterize, or oversimplify the contents of said Office Actions.

   34. Defendants admit the allegations in the first sentence of Paragraph 34. Answering further, Defendants state that the Office Action response identified in Paragraph 34 is a document that speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 34 to the extent they differ from, mischaracterize, or oversimplify the contents of said Office Action response.  Answering further, Defendants state that Admirals responded to the PTO's refusal to register ETHIC A WEALTH BANK with arguments as to why confusion between the marks was unlikely, and that the PTO examiner withdrew the refusal to register ETHIC A WEALTH BANK in light of those

arguments. Defendants otherwise deny the allegations made in Paragraph 34.

35. Defendants admit that Admirals' FDIC registration (FDIC #27015) identifies Admirals as "ETHIC." Defendants otherwise deny the allegations made in Paragraph 35.

36. Defendants admit the allegations in the last sentence of Paragraph 36. Defendants otherwise deny the allegations made in Paragraph 36.

37. Defendants admit that ETHIC Wealth Advisors is registered with the SEC as an investment advisory firm. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in the first and second sentences of Paragraph 37, and therefore deny them. Defendants otherwise deny the allegations made in Paragraph 37.

38. Defendants admit that, on or about October 1, 2019, Admirals announced that it was rebranding as ETHIC A WEALTH BANK. Defendants admit that the Disclosure Brochure became effective November 8, 2019. Answering further, Defendants state that the Disclosure Brochure is a document that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny the allegations made in Paragraph 38 to the extent they differ from, mischaracterize, or oversimplify the contents of the Disclosure Brochure. Defendants admit that ETHIC Wealth Advisors was organized as a Massachusetts limited liability company on November 14, 2019. Defendants otherwise deny the allegations made in Paragraph 38.

39. Defendants deny the allegations made in Paragraph 39.

40. Defendants deny the allegations made in Paragraph 40.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first and last sentences of Paragraph 41, and therefore

deny them.  Defendants admit that ETHIC Wealth Advisors has a Chief Investment Officer, Matthew Morse.  Answering further, Defendants state that Exhibit B is a document that speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 41 to the extent they differ from, mischaracterize, or oversimplify the contents of the document shown in Exhibit B.  Defendants otherwise deny the allegations made in Paragraph 41.

42.     Defendants admit that ETHIC A WEALTH BANK and ETHIC Wealth Advisors share one or more dual employees, and that those two entities together offer a bundle of financial services, including banking, lending, wealth planning, and investment services, to shared customers.  Defendants otherwise deny the allegations made in Paragraph 42.

43.     Defendants admit that Dimitri J. Nionakis is Admirals' Executive Vice President, General Counsel and Secretary, and that Mr. Nionakis is the Resident Agent for, and signatory to the Certificate of Organization filed with the Massachusetts Secretary of State in connection with the organization of, ETHIC Wealth Advisors.  Defendants otherwise deny the allegations made in Paragraph 43.

44.     Defendants state that the homepage of Defendants' website is a document that speaks for itself and to which no response is required.  To the extent a response is required, Defendants deny the allegations made in Paragraph 44 to the extent they differ from, mischaracterize, or oversimplify the contents of said homepage.  Defendants otherwise deny the allegations made in Paragraph 44.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of Paragraph 45, and therefore deny them.  Defendants admit the allegations made in the second sentence of Paragraph 45.

46. Defendants admit the allegations made in the first sentence of Paragraph 46. Defendants deny the allegations made in the second sentence of Paragraph 46.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 47, and therefore deny them.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48, and therefore deny them.

49. Defendants deny the allegations made in Paragraph 49.

50. Defendants admit Defendants are headquartered in Massachusetts.  Defendants otherwise deny the allegations made in Paragraph 50.

51. Defendants admit the allegations made in the first sentence of Paragraph 51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in the second sentence of Paragraph 51, and therefore deny them.

52. Defendants deny the allegations made in Paragraph 52.

## FIRST CAUSE OF ACTION

53. Defendants repeat and incorporate by reference the responses contained in the foregoing paragraphs of this Answer as if fully set forth herein.

54. Defendants deny the allegations made in Paragraph 54.

55. Defendants deny the allegations made in Paragraph 55.

56. Defendants deny the allegations made in Paragraph 56.

57. Defendants deny the allegations made in Paragraph 57.

58. Defendants admit that Defendants are not affiliated or associated with Plaintiff or its services.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 58, and therefore deny them.

59. Defendants deny the allegations made in Paragraph 59.

60. Defendants deny the allegations made in Paragraph 60.

61. Defendants deny the allegations made in Paragraph 61.

## SECOND CAUSE OF ACTION

62. Defendants repeat and incorporate by reference the responses contained in the foregoing paragraphs of this Answer as if fully set forth herein.

63. Defendants deny the allegations made in Paragraph 63.

64. Defendants deny the allegations made in Paragraph 64.

65. Defendants deny the allegations made in Paragraph 65.

66. Defendants deny the allegations made in Paragraph 66.

67. Defendants deny the allegations made in Paragraph 67.

68. Defendants deny the allegations made in Paragraph 68.

## THIRD CAUSE OF ACTION

69. Defendants repeat and incorporate by reference the responses contained in the foregoing paragraphs of this Answer as if fully set forth herein.

70. Defendants deny the allegations made in Paragraph 70.

71. Defendants deny the allegations made in Paragraph 71.

72. Defendants deny the allegations made in Paragraph 72.

73. Defendants deny the allegations made in Paragraph 73.

74. Defendants admit that Defendants are not affiliated or associated with Plaintiff or its services.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 74, and therefore deny them.

75. Defendants deny the allegations made in Paragraph 75.

76. Defendants deny the allegations made in Paragraph 76.

77. Defendants deny the allegations made in Paragraph 77.

## FOURTH CAUSE OF ACTION

78. Defendants repeat and incorporate by reference the responses contained in the foregoing paragraphs of this Answer as if fully set forth herein.

79. Defendants deny the allegations made in Paragraph 79.

80. Defendants deny the allegations made in Paragraph 80.

81. Defendants deny the allegations made in Paragraph 81.

82. Defendants deny the allegations made in Paragraph 82.

83. Defendants deny the allegations made in Paragraph 83.

84. Defendants admit that Defendants are not affiliated or associated with Plaintiff or its services.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 84, and therefore deny them.

85. Defendants deny the allegations made in Paragraph 85.

86. Defendants deny the allegations made in Paragraph 86.

87. Defendants deny the allegations made in Paragraph 87.

88. Defendants deny the allegations made in Paragraph 88.

## FIFTH CAUSE OF ACTION

89. Defendants repeat and incorporate by reference the responses contained in the foregoing paragraphs of this Answer as if fully set forth herein.

90. Defendants deny the allegations made in Paragraph 90.

91. Defendants deny the allegations made in Paragraph 91.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's Complaint. In asserting these defenses, Defendants do not assume the burden of establishing any fact or proposition where that burden properly is imposed on Plaintiff. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims fail because there is no likelihood of confusion between the parties' respective marks and services.

### Third Affirmative Defense

If Plaintiff is entitled to any relief from Defendants as a result of the allegations in Plaintiff's Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief.

### Fourth Affirmative Defense

Any monetary losses or damages allegedly caused by Defendants and sustained by Plaintiff, which Defendants deny, are *de minimis*, remote, speculative, or transient and not cognizable at law.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief prayed for, or any relief, and therefore pray that Plaintiff's Complaint be dismissed with costs awarded Defendants.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Defendants request a trial by jury

of all issues so triable by a jury in this action.

Dated:  July 13, 2020

        Respectfully submitted,

        DEFENDANTS ADMIRALS BANCORP, INC.
        AND ETHIC WEALTH ADVISORS LLC,

        By their attorneys,

        */s/ Jonathan M. Gelchinsky*
        Jonathan M. Gelchinsky (BBO # 656282)

        **PIERCE ATWOOD LLP**
        100 Summer Street, 22nd Floor
        Boston, MA 02110-2106
        (617) 488-8100
        jgelchinsky@pierceatwood.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/ Jonathan M. Gelchinsky*
                                                Jonathan M. Gelchinsky